# EXHIBIT A



**CORPORATION SERVICE COMPANY®**

# Notice of Service of Process

LDD / ALL
Transmittal Number: 11720073
Date Processed: 10/16/2013

| | |
|---|---|
| **Primary Contact:** | Gregory J. Newman<br>Waffle House, Inc.<br>5986 Financial Drive<br>Norcross, GA 30071 |

| | |
|---|---|
| **Entity:** | Mid South Waffles, Inc.<br>Entity ID Number 3162764 |
| **Entity Served:** | Mid-South Waffles, Inc. |
| **Title of Action:** | Robert Lunsford vs. Mid-South Waffles, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Sumner County Circuit Court, Tennessee |
| **Case/Reference No:** | 83CC1-2013-CV-1148 |
| **Jurisdiction Served:** | Tennessee |
| **Date Served on CSC:** | 10/16/2013 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Wade B. Cowan<br>615-256-8125 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

Summons–Civil Action

**COPY**

____ Original
____ Alias
____ Pluries

## STATE OF TENNESSEE
## 18th JUDICIAL DISTRICT
### Circuit Court Sumner County, Tennessee

Robert Lunsford

_____

_____

**Plaintiff(s)**

vs. Case # 83CC1-2013-CV-1148

Mid-South Waffles, Inc.

SERVE: Corporation Service Company

2908 Poston Ave.

Nashville, TN 37203 **Defendant(s)**

[ ] Local Sheriff
[ ] Out of County
[ ] Sec. of State
[ ] Comm. of Ins.
[ ] Attorney
[X] Certified Mail

**TO THE ABOVE NAMED DEFENDANT(S):** Mid-South Waffles, Inc.

You are hereby summoned to appear and defend a Civil Action filed against you in the Circuit Court, Sumner County, Tennessee; and your defense must be made within thirty (30) days from the date this summons is served upon you, exclusive of the day of service. You are further directed to file your defense with the Clerk of this Court and send a copy to the Plaintiff's Attorney, Wade B. Cowan _____ whose address is 150 second Ave. N. Suite 225, Nashville TN 37201 _____. In case of your failure to defend this action by the above date, judgment by default can be rendered against you for the relief demanded in the complaint.

**TO THE SHERIFF:** Execute this summons and make your return herein as provided by law.

**WITNESS, Mahailiah Hughes,** Clerk of the Circuit Court at Office in Gallatin, Tennessee, the 3rd Monday of August, 20 13.

Issued: Oct 8 , 20 13

**MAHAILIAH HUGHES, CLERK**

By: O Freeland D.C.

**RECEIVED THIS SUMMONS FOR SERVICE, THIS ____ DAY OF _____, 20 __**

_____
**Deputy Sheriff**

### RETURN ON SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____, 20 ____, I served this summons together with a copy o the complaint herein as follows:

_____

_____

**ADA**
FOR ASSISTANCE CALL
615-451-6023

_____
**SHERIFF - DEPUTY SHERIFF.**

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20 ____, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Case No. _____ to the defendant, _____

_____. On the _____ day of _____, 20 ____ I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____

day of _____, 20 _____. Said return receipt is attached to this original summons and both doments are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON
THIS _____ DAY OF _____, 20 ___

_____NOTARY PUBLIC or ____DEPUTY CLERK
My Commission Expires: _____

PLAINTIFF/PLAINTIFF'S ATTORNEY OTHER
PERSON AUTHORIZED BY STATUTE TO SERVE
PROCESS

## NOTICE

**TO THE DEFENDANT(S):**

Tennessee law provides a ten thousand dollar ($10,000,00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

*ATTACH
RETURN RECEIPT
HERE
(IF APPLICABLE)*

**STATE OF TENNESSEE**

**COUNTY OF SUMNER**

*(To be completed only if
copy certification required.)*

I, Mahailiah Hughes, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

Mahailiah Hughes, Clerk

By: _____

IN THE CIRCUIT COURT FOR SUMNER COUNTY, TENNESSEE

ROBERT LUNSFORD,                          )
                                          )
                    Plaintiff,            )
                                          )
v.                                        )     CIVIL ACTION NO.
                                          )     JURY DEMAND
MID-SOUTH WAFFLES, INC.,                  )     83CCI-2013-CV-1148
and WAFFLE HOUSE, INC.,                   )              FILED
                                          )             2:33    ⌀ M
                    Defendants.           )
                                                     OCT 0 8 2013
                    COMPLAINT                   MAHAILIAH HUGHES, CLERK
                                               BY_____D.C.

Plaintiff, Robert Lunsford, through counsel, for cause of action against

defendants states as follows:

### THE PARTIES

1.     Plaintiff Robert Lunsford is an African-American male and is a

citizen and resident of Goodlettsville, Sumner County, Tennessee.


2.     Defendant Mid-South Waffles, Inc. is a Georgia corporation with

its principal place of business in Norcross, Georgia.


3.     Defendant Waffle House, Inc. is a Georgia corporation with its

principal place of business in Norcross, Georgia.


4.     Defendants own and operate Waffle House Restaurants in

Tennessee and other states.  Defendants are "employers" as defined in the

Tennessee Human Rights Act, Tennessee Code Annotated 4-21-102(4).

## JURISDICTION AND VENUE

5.     This action is for unlawful retaliation brought under the Tennessee Human Rights Act, Tennessee Code Annotated 4-21-101 *et seq.* ("THRA").

6.     Venue is appropriate in this Court because a substantial part of the events giving rise to plaintiff's claims occurred in this county.

## FACTUAL ALLEGATIONS

7.     Plaintiff first began working for defendants in January 2012 as a cook at the Waffle House restaurant (Unit 865) in Goodlettsville/Millersville, Sumner County, Tennessee.

8.     Shortly after plaintiff began to work at the Unit 865 restaurant, he began to be subjected to a hostile work environment based on his race, African-American.   A female employee regularly referred to him using racially derogatory terms such as "nigger" or "nigga." He asked her to stop but she did not.  He complained to his manager, Roy Birdwell, and he even heard such comments made by this white female employee, but he did not take appropriate action to end the harassment and it continued.   Plaintiff also complained to his District Manager, Mark Rogan, but he also failed to take appropriate action to end the harassment.

2

9. Plaintiff finally complained to the company's Hotline, but even with this complaint, the company failed to take prompt remedial action and the harassment continued. In fact, a second white female began using similar language to plaintiff and in his presence.

10. Following several complaints made by plaintiff that he was being subjected to a hostile work environment because of his race, defendants placed plaintiff on an administrative suspension from work while his complaints were being investigated. As a part of defendants' investigation, plaintiff was interviewed by Rosalind Hardin, who was an investigator employed by defendants. This interview occurred on October 3, 2012. During this interview, plaintiff inquired about his employment status, and he was told by Rosalind Hardin that he was not to return to work until he was notified by the company at the completion of the company's investigation, and that the female employees who he had complained about were also on administrative suspension pending the conclusion of the company's investigation. Hardin told plaintiff that she would contact him about returning to work when her investigation was completed.

11. In the several weeks following his October 3 meeting with Rosalind Hardin, plaintiff attempted on several occasions to contact Hardin to find out about the status of the investigation and when he could return to work. Hardin either refused to return his messages, or said she would call

3

him back, but she never did. During this same time, plaintiff contacted his supervisor about returning to work, but his supervisor told plaintiff that he did not know what plaintiff's employment status was.

12. Defendants never contacted plaintiff about returning him to work. Defendants finally notified plaintiff of the result of their investigation into his racial harassment complaint by letter dated November 23, 2012. In that letter, defendants notified plaintiff that they had not found sufficient evidence to support his allegations, but they did not inform plaintiff about his employment status.

13. Defendants' actions in failing to return plaintiff to work following the conclusion of their investigation into plaintiff's complaint of racial harassment in November 2012, and failing to respond to plaintiff's efforts to find out about his return to work and employment status constitute an actual or constructive discharge of plaintiff from his employment with defendants.

14. Plaintiff's complaints to defendants about the racial harassment he experienced at work constitute opposition to practices declared discriminatory by the THRA. Defendants' actions described in Paragraph 13 constitute a discriminatory practice made unlawful by the THRA, T.C.A. §4-21-301, which ceased upon defendants' failure to return plaintiff to work

4

following the conclusion of their investigation into plaintiff's complaints on or about November 23, 2012.

15.     As a result of defendants' unlawful actions, plaintiff has suffered a loss of compensation and benefits, a loss of employment opportunities and earnings, and a loss of future earnings and earning capacity, and plaintiff has suffered, and continues to suffer, non-monetary damages, including, but not limited to, emotional and physical distress, humiliation, embarrassment, loss of esteem, and loss of enjoyment of life.

WHEREFORE, premises considered, plaintiff prays for the following relief:

1.     For judgment against defendants under for lost wages, compensation and other employment benefits caused by defendants' unlawful actions;

2.     For judgment against defendants for compensatory damages for emotional distress, embarrassment and humiliation, loss of dignity, and damage to his reputation in an amount not to exceed $250,000;

3.     For judgment declaring that the acts and practices complained of are in violation of the Tennessee Human Rights Act;

4.     For judgment enjoining and permanently restraining these violations;

5

5. For judgment directing defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated;

6. For prejudgment and post-judgment interest;

7. For reasonable attorney's fees and costs under T.C.A. §4-21-306(a)(7);

8. For such other relief as plaintiff may be entitled to under the premises.

PLAINTIFF DEMANDS A JURY TO TRY THIS CASE.


*Wade B. Cowan*

Wade B. Cowan (9403)
150 Second Avenue North
Suite 225
Nashville, TN 37201
(615) 256-8125
wcowan@dhhrplc.com


*Kenneth M. Switzer by WBC*

Kenneth M. Switzer (5785)
Howard, Tate, Sowell, Wilson,
Leathers & Johnson PLLC
150 Second Avenue North
Suite 201
Nashville, TN 37201
(615) 256-1125
switzerlaw@aol.com
Attorneys for plaintiff

6



**DHR** DAVIES HUMPHREYS
HORTON & REESE PLC

150 Second Avenue North, Suite 225
Nashville, Tennessee 37201-1944

CERTIFIED MAIL

7012 2210 0000 2526 5104

$6.31⁰ US POSTAGE
FIRST-CLASS
071V00733066
37201
00012704

VIA CERTIFIED MAIL
RETURN RECEIPT REQUESTED
Mid-South Waffles, Inc.
C/O Corporation Service Company
2908 Poston Avenue
Nashville, TN 37203

3720313120B



**CORPORATION SERVICE COMPANY**

## Notice of Service of Process

LDD / ALL
Transmittal Number: 11720084
Date Processed: 10/16/2013

**Primary Contact:**  Gregory J. Newman
Waffle House, Inc.
5986 Financial Drive
Norcross, GA 30071

| | |
|---|---|
| **Entity:** | Waffle House, Inc.<br>Entity ID Number  3162767 |
| **Entity Served:** | Waffle House, Inc. |
| **Title of Action:** | Robert Lunsford vs. Mid-South Waffles, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Sumner County General Sessions Court, Tennessee |
| **Case/Reference No:** | 83CC1-2013-CV-1148 |
| **Jurisdiction Served:** | Tennessee |
| **Date Served on CSC:** | 10/16/2013 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Wade B. Cowan<br>615-256-8125 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882  |  sop@cscinfo.com

⌐ **COPY**

# STATE OF TENNESSEE
## 18ᵗʰ JUDICIAL DISTRICT
### Circuit Court Sumner County, Tennessee

_Robert Lunsford_

☑ Original
__ Alias
__ Pluries

**Plaintiff(s)**

vs. Case # _83CCI-2013-CV-1148_

_Waffle House, Inc._

_SERVE: Corporation Service Company_
_2908 Poston Ave._
_Nashville, TN 37203_ **Defendant(s)**

[ ] Local Sheriff
[ ] Out of County
[ ] Sec. of State
[ ] Comm. of Ins.
[ ] Attorney
☒ Certified Mail

**TO THE ABOVE NAMED DEFENDANT(S):** _Waffle House, Inc_

You are hereby summoned to appear and defend a Civil Action filed against you in the Circuit Court, Sumner County, Tennessee; and your defense must be made within thirty (30) days from the date this summons is served upon you, exclusive of the day of service. You are further directed to file your defense with the Clerk of this Court and send a copy to the Plaintiff's Attorney, _Wade B. Cowan_ whose address is _150 Second Ave. N_ _Suite 225, Nashville, TN 37201_. In case of your failure to defend this action by the above date, judgment by default can be rendered against you for the relief demanded in the complaint.

**TO THE SHERIFF:** Execute this summons and make your return herein as provided by law.

**WITNESS, Mahailiah Hughes,** Clerk of the Circuit Court at Office in Gallatin, Tennessee, the _3rd_ Monday of _August_, 20_13_.

Issued: _Oct 8_, 20_13_.

**MAHAILIAH HUGHES, CLERK**
By: _O Sheiland_ **D.C.**

RECEIVED THIS SUMMONS FOR SERVICE, THIS ____ DAY OF _____, 20 ___

**Deputy Sheriff**

### RETURN ON SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____, 20 ____, I served this summons together with a copy o the complaint herein as follows:

_____

_____

♿ **ADA**
FOR ASSISTANCE CALL
615-451-6023

**SHERIFF - DEPUTY SHERIFF.**

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20 ____, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Case No. _____ to the defendant, _____

_____. On the _____ day of _____, 20 ____ I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20 _____. Said return receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON
THIS _____ DAY OF _____, 20 ___

_____NOTARY PUBLIC or ____DEPUTY CLERK
My Commission Expires: _____

PLAINTIFF/PLAINTIFF'S ATTORNEY OTHER
PERSON AUTHORIZED BY STATUTE TO SERVE
PROCESS

_____ **NOTICE** _____

### TO THE DEFENDANT(S):

Tennessee law provides a ten thousand dollar ($10,000,00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

*ATTACH
RETURN RECEIPT
HERE
(IF APPLICABLE)*

**STATE OF TENNESSEE**

**COUNTY OF SUMNER**

*(To be completed only if copy certification required.)*

I, Mahailiah Hughes, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

Mahailiah Hughes, Clerk

By: _____

IN THE CIRCUIT COURT FOR SUMNER COUNTY, TENNESSEE

ROBERT LUNSFORD,                    )
                                    )
            Plaintiff,              )
                                    )
v.                                  )    CIVIL ACTION NO.
                                    )    JURY DEMAND
MID-SOUTH WAFFLES, INC.,            )    83CC1-2013-CV-1148
and WAFFLE HOUSE, INC.,             )              FILED
                                    )              2:33    ___ M
            Defendants.             )
                                         OCT 0 8 2013
            COMPLAINT                    MAHAILIAH HUGHES, CLERK
                                         BY_____D.C.

Plaintiff, Robert Lunsford, through counsel, for cause of action against

defendants states as follows:

### THE PARTIES

1.      Plaintiff Robert Lunsford is an African-American male and is a

citizen and resident of Goodlettsville, Sumner County, Tennessee.

2.      Defendant Mid-South Waffles, Inc. is a Georgia corporation with

its principal place of business in Norcross, Georgia.

3.      Defendant Waffle House, Inc. is a Georgia corporation with its

principal place of business in Norcross, Georgia.

4.      Defendants own and operate Waffle House Restaurants in

Tennessee and other states.  Defendants are "employers" as defined in the

Tennessee Human Rights Act, Tennessee Code Annotated 4-21-102(4).

## JURISDICTION AND VENUE

5. This action is for unlawful retaliation brought under the Tennessee Human Rights Act, Tennessee Code Annotated 4-21-101 *et seq.* ("THRA").

6. Venue is appropriate in this Court because a substantial part of the events giving rise to plaintiff's claims occurred in this county.

## FACTUAL ALLEGATIONS

7. Plaintiff first began working for defendants in January 2012 as a cook at the Waffle House restaurant (Unit 865) in Goodlettsville/Millersville, Sumner County, Tennessee.

8. Shortly after plaintiff began to work at the Unit 865 restaurant, he began to be subjected to a hostile work environment based on his race, African-American. A female employee regularly referred to him using racially derogatory terms such as "nigger" or "nigga." He asked her to stop but she did not. He complained to his manager, Roy Birdwell, and he even heard such comments made by this white female employee, but he did not take appropriate action to end the harassment and it continued. Plaintiff also complained to his District Manager, Mark Rogan, but he also failed to take appropriate action to end the harassment.

2

9.     Plaintiff finally complained to the company's Hotline, but even with this complaint, the company failed to take prompt remedial action and the harassment continued.   In fact, a second white female began using similar language to plaintiff and in his presence.

10.     Following several complaints made by plaintiff that he was being subjected to a hostile work environment because of his race, defendants placed plaintiff on an administrative suspension from work while his complaints were being investigated.  As a part of defendants' investigation, plaintiff was interviewed by Rosalind Hardin, who was an investigator employed by defendants. This interview occurred on October 3, 2012.  During this interview, plaintiff inquired about his employment status, and he was told by Rosalind Hardin that he was not to return to work until he was notified by the company at the completion of the company's investigation, and that the female employees who he had complained about were also on administrative suspension pending the conclusion of the company's investigation.   Hardin told plaintiff that she would contact him about returning to work when her investigation was completed.

11.     In the several weeks following his October 3 meeting with Rosalind Hardin, plaintiff attempted on several occasions to contact Hardin to find out about the status of the investigation and when he could return to work.  Hardin either refused to return his messages, or said she would call

3

him back, but she never did. During this same time, plaintiff contacted his supervisor about returning to work, but his supervisor told plaintiff that he did not know what plaintiff's employment status was.

12. Defendants never contacted plaintiff about returning him to work. Defendants finally notified plaintiff of the result of their investigation into his racial harassment complaint by letter dated November 23, 2012. In that letter, defendants notified plaintiff that they had not found sufficient evidence to support his allegations, but they did not inform plaintiff about his employment status.

13. Defendants' actions in failing to return plaintiff to work following the conclusion of their investigation into plaintiff's complaint of racial harassment in November 2012, and failing to respond to plaintiff's efforts to find out about his return to work and employment status constitute an actual or constructive discharge of plaintiff from his employment with defendants.

14. Plaintiff's complaints to defendants about the racial harassment he experienced at work constitute opposition to practices declared discriminatory by the THRA. Defendants' actions described in Paragraph 13 constitute a discriminatory practice made unlawful by the THRA, T.C.A. §4-21-301, which ceased upon defendants' failure to return plaintiff to work

4

following the conclusion of their investigation into plaintiff's complaints on or about November 23, 2012.

15.     As a result of defendants' unlawful actions, plaintiff has suffered a loss of compensation and benefits, a loss of employment opportunities and earnings, and a loss of future earnings and earning capacity, and plaintiff has suffered, and continues to suffer, non-monetary damages, including, but not limited to, emotional and physical distress, humiliation, embarrassment, loss of esteem, and loss of enjoyment of life.

WHEREFORE, premises considered, plaintiff prays for the following relief:

1.     For judgment against defendants under for lost wages, compensation and other employment benefits caused by defendants'. unlawful actions;

2.     For judgment against defendants for compensatory damages for emotional distress, embarrassment and humiliation, loss of dignity, and damage to his reputation in an amount not to exceed $250,000;

3.     For judgment declaring that the acts and practices complained of are in violation of the Tennessee Human Rights Act;

4.     For judgment enjoining and permanently restraining these violations;

5

5. For judgment directing defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated;

6. For prejudgment and post-judgment interest;

7. For reasonable attorney's fees and costs under T.C.A. §4-21-306(a)(7);

8. For such other relief as plaintiff may be entitled to under the premises.

PLAINTIFF DEMANDS A JURY TO TRY THIS CASE.


_Wade B. Cowan_
Wade B. Cowan (9403)
150 Second Avenue North
Suite 225
Nashville, TN 37201
(615) 256-8125
wcowan@dhhrplc.com


_Kenneth M. Switzer by WBC_
Kenneth M. Switzer (5785)
Howard, Tate, Sowell, Wilson,
Leathers & Johnson PLLC
150 Second Avenue North
Suite 201
Nashville, TN 37201
(615) 256-1125
switzerlaw@aol.com
Attorneys for plaintiff

6



**DHR** DAVIES HUMPHREYS
HORTON & REESE PLC

150 Second Avenue North, Suite 225
Nashville, Tennessee 37201-1944

CERTIFIED MAIL

7012 2210 0000 2526 5098

$6.31⁰
US POSTAGE
FIRST-CLASS

071V00733086
37201
000012703

VIA CERTIFIED MAIL
RETURN RECEIPT REQUESTED
Waffle House, Inc.
C/O Corporation Service Company
2908 Poston Avenue
Nashville, TN 37203