IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBERT LUNSFORD, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No. 3:13-cv-01269 |
| | ) |
| MID SOUTH WAFFLES, INC. and | )    JUDGE NIXON |
| WAFFLE HOUSE, INC., | )    Magistrate Judge Bryant |
| | ) |
|     Defendants. | ) |

## ~~PROPOSED~~ INITIAL CASE MANAGEMENT ORDER

Come now the parties, through counsel, and file this Proposed Case Management Order. Pursuant to Local Rule 16.01, the following Initial Case Management Plan is adopted.

1.    Jurisdiction and Venue

This Court has jurisdiction of plaintiff's claims brought in the original complaint under 28 U.S.C. § 1332. Plaintiff has filed a motion for leave to file a first amended complaint asserting claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* (Title VII). The Court has jurisdiction over the Title VII claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(4). Jurisdiction and venue are not disputed.

2.    Theories of the Case

    A.    *Plaintiff's Theory of the Case*

This is an action for damages and equitable relief for racial harassment, race and gender discrimination, and retaliation brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* (Title VII), and the Tennessee Human Rights Act, § 4-21-101 *et seq.* (THRA). Plaintiff worked for Defendants as a cook at the Waffle House Restaurant

located in Goodlettsville/Millersville, Sumner County, Tennessee beginning in January 2012. During the course of his employment, plaintiff was subjected to a racially hostile work environment, by the use of offensive racial language, including the use of the terms "nigga" and "nigger," by two female co-workers. Plaintiff complained on several occasions to management about the hostile work environment but management did not take prompt or appropriate remedial action to end the harassment. Ultimately, after Plaintiff complained to Defendants' Hotline, management suspended Plaintiff during a purported but untimely investigation of Plaintiff's complaints, and Plaintiff was told he would be contacted about returning to work at the conclusion of the investigation. Plaintiff was notified by letter dated November 23, 2012 that the investigation was completed, but Plaintiff was not returned to work and was instead terminated from his job. The white, female employees who engaged in the racial harassment of Plaintiff were not terminated.

Plaintiff was terminated from his job in retaliation for his protected activity of complaining about a racially hostile work environment in violation of Title VII and the THRA. Plaintiff was subjected to a racially hostile work environment in violation of Title VII. Plaintiff was treated differently than similarly situated white female employees and was discriminated against because of race and/or gender in violation of Title VII.

      B.    *Defendants' Theory of the Case*

Defendant Mid South Waffles, Inc. ("Defendant Mid South") was Plaintiff's only employer and is the only proper defendant in this action. Defendant Waffle House, Inc. was not Plaintiff's employer and cannot be held liable under any of Plaintiff's theories or claims as a matter of law.

Defendant Mid South promptly and fully investigated multiple complaints filed by and against Plaintiff. The complaints lodged by Plaintiff contained no credible evidence of discrimination, harassment, retaliation, or violations of Defendant Mid South's company policies. In contrast, Defendant Mid South found evidence showing that Plaintiff used racial and sexually charged language in remarks toward his co-workers, all in violation of Defendant Mid South's company policies. Plaintiff's employment was terminated based on his violations of Defendant Mid South's attendance policy. His race, gender, and filing of complaints (albeit baseless) had nothing whatsoever to do with his termination. Defendants deny Plaintiff was discriminated or retaliated against in any way.

3. <u>Identification of the Issues</u>

Plaintiff's Motion for Leave to File a First Amended Complaint has not been ruled on. The issues of jurisdiction and venue have been resolved. Service of process is not disputed. The issues of liability and damages remain for resolution before the Court and/or jury.

4. <u>Status of Response Pleadings and Service of Process</u>

Plaintiff filed his complaint in the Circuit Court of Sumner County, Tennessee on October 8, 2013. Proper service was made on Defendants. Defendants removed the case to this Court on November 15, 2013. Defendants filed their answer to the complaint on November 22, 2013. Defendants filed an amended answer on November 27, 2013. After receiving a Right to Sue Notice from the Equal Employment Opportunity Commission, Plaintiff filed a Motion for Leave to File First Amended Complaint on December 11, 2013. Defendants did not file a response to the Motion for Leave to File First Amended Complaint.

5. <u>Need for Other Claims or Special Issues under Rules 13-15 and 17-21 and Federal Rule of Civil Procedure 23</u>

None.

6. <u>Mandatory Initial Disclosures</u>

Pursuant to Fed. R. Civ. P. 26(a)(1), the parties are prepared to exchange their mandatory initial disclosures on or before February 26, 2014.

7. <u>Discovery</u>

All fact discovery shall be completed by August 15, 2014. All discovery related motions shall be filed no later than August 22, 2014. Before filing any discovery-related motion, the parties will schedule and conduct a telephone conference with the Magistrate Judge.

Plaintiffs shall reveal any expert witnesses they intend to use at trial, including reports required pursuant to Fed. R. Civ. P. 26, on or before July 15, 2014. Defendants shall make their responsive disclosures, if any, on or before August 15, 2014.

All expert witness depositions shall be completed by September 15, 2014.

8. <u>Dispositive Motions</u>

Any dispositive motions shall be filed by October 1, 2014. The non-moving party shall file a response by November 3, 2014. All replies, if any, shall be filed by November 17, 2014. If dispositive motions are filed early, the response and reply dates shall move up accordingly.

Any motion and response memoranda are limited to twenty-five pages, and replies, if any, are limited to five pages, absent Court permission for longer pleading.

9. <u>Other Deadlines</u>

Any further motions to amend and/or to add additional parties shall be made by April 1, 2014.

10. <u>Trial Date</u>

Jury trial is set to begin on March 3, 2015, at 9:00 a.m. A pretrial conference shall be held on February 20, 2015, at 10:00 a.m. before Senior Judge Nixon. Trial is expected to take 3 days.

11. Other Issues and Matters

*Third Party Document Subpoenas*

In accordance with Rule 45(a)(4), any party wishing to serve a third party document subpoena shall provide the other party with notice and a copy of the proposed subpoena five days before the subpoena is to be served.

*Electronic discovery*

The parties do not anticipate that electronic discovery is necessary in this case, but to the extent it is necessary they will agree on how to conduct electronic discovery. Thus, the default standard contained in Administrative Order No. 174 need not apply to this case.

It is so ORDERED.

Entered  January 27, 2014

*s/ John S. Bryant*
Honorable John S. Bryant
United States Magistrate Judge

APPROVED FOR ENTRY:


/s/ Wade B. Cowan (w/ permission BMB)
Wade B. Cowan (S.C. #9403)
Suite 300
85 White Bridge Road
Nashville, Tennessee 37205
(615) 256-8125
wcowan@dhhrplc.com


/s/ Kenneth M. Switzer (w/ permission BMB)
Kenneth M. Switzer (BPR No. 5785)
Howard, Tate, Sowell, Wilson,
  Leathers & Johnson, PLLC
201 Fourth Ave. North, Suite 1900
Nashville, TN  37219
(615) 256-1125
switzerlaw@aol.com

*Attorneys for Plaintiff*



/s/ Bradley M. Bakker
Bradley M. Bakker, BPR No. 028380
Baker Donelson Center, Suite 800
211 Commerce Street
Nashville, Tennessee  37201
Telephone: (615) 726-5600
Facsimile:  (615) 726-0464

David Gevertz, GA Bar No. 292430
*admitted pro hac vice*
3414 Peachtree Road, NE
Atlanta, Georgia  30326
Telephone:  (404) 577-6000

*Attorneys for Defendants*

6